DISTRICT COURT OF GRADY COUNT
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
Grady County, Oklahoma

**MAY 2 9 2015**

LISA HANNAH, Court Clerk

By _Jessica Duckett_ Deputy

MTI, Inc., formerly Midwest Towers, Inc., )

Plaintiff )

v. )

Employers Insurance Company of Wausau, )

Defendant )

Case No. CJ-15-110

Attorney's Lien Claimed

## PETITION

For its claim against the defendant, plaintiff states:

1. Plaintiff MTI Inc., formerly Midwest Towers, Inc. (MTI) is a corporation organized under Oklahoma law which is headquartered in the City of Chickasha, Grady County, State of Oklahoma.

2. Defendant Employers Insurance Company of Wausau (Wausau) is a foreign corporation duly licensed to transact the business of insurance in the State of Oklahoma at all times relevant to the allegations in this petition.

3. Wausau issued Commercial General Liability Policy (the Policy) number TBC-791-514309-110, to MTI, as named insured, for the policy period of October 31, 2010 to October 31, 2011.

4. While the Policy was in effect and on or about the evening of May 24, 2011 and the early morning hours of May 25, 2011, Unit 1 Cooling Tower owned and operated by Western Farmers Electric Cooperative (Western) at Mooreland, Oklahoma, was damaged by high winds (the Accident).

5. MTI was hired by Western to perform a particular task of removing and replacing old anchor castings on a Western Cooling Tower. Western contended that MTI negligently

1

performed this work, by failing to either replace the old castings with new castings, or by negligently failing to provide temporary bracing for the Cooling Tower until new permanent castings could be installed the castings in a timely manner. As a result of this alleged failure, Western contended that the particular part of the property that MTI was working upon did not provide adequate structural support and failed, resulting in the Accident. This failure caused resulting damage to the Cooling Tower,

6. MTI timely notified Wausau of the Accident and of Western's claim against MTI for causing damage to the Cooling Tower. Wausau acknowledged notice of the Accident and of Western's claim. MTI made numerous requests for Wausau to investigate and negotiate a settlement of Western's claim against MTI, as MTI was likely to be held liable to Western should Western file a lawsuit against MTI for damages to its Cooling Tower. Despite these numerous requests Wausau denied that the Policy provided any liability coverage for Western's claim against MTI and, accordingly, refused to investigate, negotiate or settle Western's claim against MTI.

7. The repeated refusal of Wausau to acknowledge coverage for Western's claim against MTI under the liability coverage of the Policy constituted multiple breaches of the terms of the liability coverage of the Policy which obligate Wausau, in section I.1 of the COMMERCIAL GENERAL LIABILITY COVERAGE FORM, to pay all sums for which MTI, as an insured, is liable, because of physical damage to tangible property and loss of use of tangible property, caused by an accident. Western's claim against MTI was based upon MTI's liability to Western for accidentally causing physical injury to and loss of use of its Cooling Tower, tangible property, which resulted from the failure of employees of MTI to exercise ordinary care in their efforts to remove and replace the anchor castings, an accident.

8.  After Wausau repeatedly breached the terms of the liability coverage of the Policy, MTI proceeded on its own to negotiate an extremely advantageous settlement of Western's claim against it, for the sum of $350,000.  Upon reaching this settlement agreement, MTI advised Wausau of the settlement agreement, requested that Wausau pay the negotiated settlement of $350,000 or, alternatively, that Wausau consent to the settlement of Western's claim against MTI for the sum of $350,000.

9.  Wausau refused to pay the sum of $350,000 negotiated by MTI as a settlement of Western's claim, thereby breaching the liability coverage of the Policy again, but Wausau consented in writing to MTI's settlement of Western's claim with MTI's own money.

10.  Pursuant to the settlement agreement with Western, MTI paid $350,000 to Western, pursuant to the terms of a Confidential Settlement Agreement And Release executed by authorized representatives of MTI and Western on January 24, 2013 and January 25, 2013, respectively.  The sum paid by MTI in settlement of Western's claim was reasonable, in light of MTI's liability on the claim, and in light of the fact that the damages claimed by Western were more than twice the sum paid in settlement.

11.  As a direct result of Wausau's multiple breaches of the terms of the liability coverage of the Policy, MTI has sustained damages consisting of the sum it paid to settle Western's claim, and the attorney fees paid by MTI to the lawyers who represented MTI in an attempt to persuade Wausau to acknowledge coverage under the liability coverage of the Policy for Western's claim and to consummate the settlement of Western's claim negotiated by MTI, all in excess of $75,000.

12. The damages set forth in paragraph 11 bear interest at the rate of 15% per year pursuant to 36 O.S. § 3629(B) or, alternatively, at the rate of 6% per year pursuant to 23 O.S. § 6, from the date of payment to the date of judgment in this action.

13. MTI was also required to employ counsel to file this action against Wausau for breach of the terms of the liability coverage of the Policy.   MTI is, therefore, entitled to recover the reasonable value of the services of its attorneys rendered in prosecuting this action, pursuant to 36 O.S. § 3629(B), together with the costs of this action.

WHEREFORE, MTI prays for judgment against Wausau in a sum exceeding $75,000 as damages, together with interest thereon at the rate of 15% per year from January 24, 2013 to date of judgment or, alternatively, at the rate of 6% per year from January 24, 2013 to date of judgment, the reasonable value of the services of MTI's attorneys in prosecuting this action, and the cost of this action.

Mort G. Welch, OBA #09462
Welch & Smith, P.C.
6440 Avondale Drive, Suite 206
Oklahoma City, OK 73116
(405) 286-0801  (405) 286-0301  FAX
mwelch@welchsmith.com
**Attorney for Plaintiff Midwest Towers, Inc.**

-AND-

F. Thomas Cordell, OBA #1912
FRAILEY, CHAFFIN, CORDELL, PERRYMAN, STERKEL,
MCCALLA & BROWN LLP
201 North 4th Street
P.O. Box 533
Chickasha, OK 73023
Telephone: (405) 224-0237
Facsimile: (405) 222-0237
Email: tcordell@fccpsm.com
**Attorney for Plaintiff, Midwest Towers, Inc.**

5