IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MTI, INC., formerly Midwest Towers, Inc., | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Case No. CIV-15-716-R ) |
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Defendant Employer's Insurance Company of Wausau filed a Motion for Attorneys Fees pursuant to Fed. R. Civ. P. 54(d) and Okla. Stat. tit. 36 § 3629 (Doc. No. 33). Plaintiff contends Defendant is not entitled to fees under § 3929 and therefore filed its response in opposition (Doc. No. 40). Defendant filed a reply in support of its position, and therefore the motion is ripe for adjudication.

Okla. Stat. tit. 36 § 3629 provides in relevant part:

> It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement.

Defendant, which prevailed on a motion for summary judgment, contends it is entitled to $85,052.10 in fees pursuant to this provision. Plaintiff disagrees, asserting Defendant did not timely submit a written rejection of its claim, and therefore, the statutory fee provision is inapplicable herein. The issue presented is whether any communication from MTI to

Wausau prior to the filing of this declaratory judgment was sufficient to constitute a "proof of loss" for purposes of § 3629(B), such that Defendant's obligation to respond in writing arose prior to the actual initiation of this lawsuit. Defendant contends it did not, that the Complaint herein constituted the proof under § 3629(B), and therefore its Answer constituted a timely denial under the statute.

In order to recover fees under § 3629(B), Defendant must establish that (1) the insured provided a proof of loss, (2) that it provided written offer of settlement or rejection of the claim within ninety days of the proof of loss; and (3) that it prevailed in the litigation. *Canal Ins. Co. v. Montello, Inc.*, 2016 WL 452148, 2 (N.D.Okla. Feb. 5, 2016). Defendant insurer prevailed in Plaintiff's breach of contract action, but the Court finds it fails to establish either of the first two elements, and thus is not entitled to fees.

The parties concur the policy did not specifically require a method of proving the loss, and Defendant contends *Stauth v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 236 F.3d 1260, 1265-66 (10th Cir. 2001), support its position that the lawsuit provides the trigger date.[1] In *Stauth*, the court concluded that § 3629(B) applied in a declaratory judgment action by an insured despite no traditional proof of loss requirement in the policy. The court concluded the insured had complied with the terms of the policy by providing the insurer with copies of the lawsuit filed against the officers and directors covered by the polices.

---

[1] The Policy contains the following language:
Duties in the Event Of Occurrence, Offense, Claim or Suit
    a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
    (a) How, when and where the "occurrence" or offense took place;
    (2) the names and addresses of any injured persons and witnesses; and
    (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

The court stated, "it is worth noting that there are no appellate precedents that deal with the question whether in this type of situation (the declaratory judgment action seeking coverage, where we have just explained that a "proof of loss" in the usual sense would be an anomaly) the submission of a separate proof of loss is required by Section 3629(B)." *Id.* at 1265. Wausau contends that because the language of the Policy herein tracks that of *Stauth*, that the initiation of this breach of contract litigation is the equivalent of the *Stauth* declaratory judgment action.

> But suppose that it were to be assumed that a "proof of loss"—one of the type appropriate to the kind of claim at issue here—were indeed required to trigger the operation of Section 3629(B) as between Fleming and Insurers. Our examination of the terms of the 1996 Policy compels the conclusion that Fleming's notification to Insurers of the existence of the Class Actions, followed by the institution of the declaratory judgment action when coverage under the 1996 Policies was denied, would be all that was necessary to satisfy a "proof of loss" requirement.

*Id.*

The Court disagrees with Defendant's reliance on *Stauth*. According to Plaintiff's submissions, Plaintiff first submitted a claim to Defendant in May 2011, and Defendant assigned a claim number to the May 24, 2011 incident involving destruction of the Western Farmers Electric Cooperative cooling tower. Thereafter, in May 2012, MTI sent Wausau a copy of a May 9, 2012 demand letter from Western Farmers demanding payment of 1.4 million dollars from MTI for replacement of the cooling tower. On July 6, 2012, Western Farmers again demanded payment by MTI and threatened litigation; MTI provided a copy of this letter to Wausau on July 11, 2012. On October 23, 2012, the adjuster wrote a letter to MTI's counsel indicating that she had intended to respond to his May 25 and July 11,

The court stated, "it is worth noting that there are no appellate precedents that deal with the question whether in this type of situation (the declaratory judgment action seeking coverage, where we have just explained that a "proof of loss" in the usual sense would be an anomaly) the submission of a separate proof of loss is required by Section 3629(B)." *Id.* at 1265. Wausau contends that because the language of the Policy herein tracks that of *Stauth*, that the initiation of this breach of contract litigation is the equivalent of the *Stauth* declaratory judgment action.

> But suppose that it were to be assumed that a "proof of loss"—one of the type appropriate to the kind of claim at issue here—were indeed required to trigger the operation of Section 3629(B) as between Fleming and Insurers. Our examination of the terms of the 1996 Policy compels the conclusion that Fleming's notification to Insurers of the existence of the Class Actions, followed by the institution of the declaratory judgment action when coverage under the 1996 Policies was denied, would be all that was necessary to satisfy a "proof of loss" requirement.

*Id.*

The Court disagrees with Defendant's reliance on *Stauth*. According to Plaintiff's submissions, Plaintiff first submitted a claim to Defendant in May 2011, and Defendant assigned a claim number to the May 24, 2011 incident involving destruction of the Western Farmers Electric Cooperative cooling tower. Thereafter, in May 2012, MTI sent Wausau a copy of a May 9, 2012 demand letter from Western Farmers demanding payment of 1.4 million dollars from MTI for replacement of the cooling tower. On July 6, 2012, Western Farmers again demanded payment by MTI and threatened litigation; MTI provided a copy of this letter to Wausau on July 11, 2012. On October 23, 2012, the adjuster wrote a letter to MTI's counsel indicating that she had intended to respond to his May 25 and July 11,

2012 letters, but had inadvertently failed to do so. "Thank you for keeping us informed of the developments related to the Claim and providing copies of the Western Farmers' demand letter." Doc. No. 406. The letter additionally stated:

> At this time, Wausau reiterates its coverage position outlined in its September 2, 2011 letter addressed to Larry Brown and March 2, 2012 letter addressed to you, as our review of the additional information provided has not changed that position. Specifically, based on the existing information known to us and the terms of the Policy, it is Wausau's position that coverage issues may exist which could preclude coverage for the Claim. However, Wausau is not declining coverage at this time and, in fact, will continue its ongoing investigation of the Claim to determine Wausau's potential obligation under the Policy for the Claim, if any. Wausau continues to fully and completely reserve all of its rights under the Policy and applicable law.

Doc. No. 40-6. Neither side provides the Court with copies of the September 11, 2011 or March 2, 2012 letters. However, the October 23, 2012 letter purports to reiterate Defendant's prior position, which was that Wausau neither accepted nor rejected coverage, but would continue to investigate. In other words, Defendant neither offered settlement nor rejected the claim in the October 2012 communication.

"Any notice by an insured provides the insurer sufficient proof of loss if the notice 'serves the ultimate purpose of affording the insurer knowledge that can be acted upon.'" *Dixson Produce, LLC v. Nat'l Fire Ins. Co. of Hartford*, 99 P.3d 725, 729 (Okla.Civ.App. 2004)(quotation omitted). The letter from Western Farmers submitted by Plaintiff to Defendant on May 25, 2012 and MTI's request for coverage were sufficient to provide Wausau with information upon which it could act to make a determination regarding coverage and whether it was obligated to pay some or all of the 1.4 million dollars expended to replace the cooling tower destroyed by MTI's negligence. From the evidence

before the Court, Defendant did not timely object or accept settlement based on that date, and the ninety-day period in § 3629(B) expired before the filing of Defendant's Answer on July 8, 2015. Accepting Defendant's contention would permit an insurer to ignore correspondence revealing a claim or occurrence, as required by the policy, until such time as either a lawsuit is filed against the insured, the insured pays a disputed claim and files a breach of contract action, or the insured files a declaratory judgment action seeking a determination of coverage. As noted by the court in *Canal Inc. Co. v. Montello, Inc.*, 2016 WL 452148 (N.D.Okla. Feb. 5, 2016) in denying prevailing insurers in a declaratory judgment action a requested fee award:

> The Court declines the insurers' invitations to hold that declaratory judgment pleadings, alone, are sufficient to satisfy the proof of loss and timely offer of settlement or rejection requirements of § 3629(B) under the facts here. To so hold would be to judicially bypass the plain requirements of the statute and expand the statute to provide for an award of attorney fees in virtually all insurance-related litigation. Oklahoma law does not support that result.

*Id.* at *3. The Court concludes Defendant has failed to meet its burden under § 3629(B).

Defendant alternatively argues in its reply brief, "even if this Court agrees with Plaintiff's argument that the various letters from Plaintiff regarding the Western Farmers claim alone constitute sufficient proof of loss for purposes of satisfying the proof of loss requirement under Okla. Stat. Ann. Tit. 36 § 3629, Plaintiff admits in its Complaint that Wausau denied the Western Farmers claim after receiving notice of the claim from Plaintiff." Doc. No. 45, p. 4. Defendant, however, does not attempt to establish that any rejection of a claim prior to the filing of the Answer was timely under § 3629(B), and the

last-ditch attempt in the Reply does not present sufficient argument to fulfill Defendant's burden.

For the reasons set forth herein, the Court hereby DENIES Defendant's Motion for Attorney Fees (Doc. No. 33).

IT IS SO ORDERED this 21st day of December 2017.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE